IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT DALE ALEXANDER,            )
                                  )    6: 11-cv-06215-PK
        Plaintiff,                )
                                  )
    v.                            )
                                  )
MAX WILLIAMS, et al.,             )    ORDER
                                  )
        Defendants.               )

HERNANDEZ, District Judge.

## I. Motion for Temporary Restraining Order (Second Attempt) [60]

Plaintiff refiled a Motion for Temporary Restraining Order [60]. He seeks an order from the Court: (1) directing the Oregon Department of Corrections ("ODOC") to send him to a qualified neurosurgeon to have his "sciatic and sacrailiac conditions resolved to completion" and to place him on lower tier, lower bunk restrictions; (2) directing staff at the Two Rivers Correctional Institution ("TRCI") to stop retaliating against him and allow him

1 - ORDER

to keep all of his legal materials in his living area so that he can avoid the pain of moving these materials to and from his cell and the designated storage area; and (3) directing ODOC to bar Nurse Gruenwald (TRCI) and Dr. Gulick (Snake River Correctional Institution) from providing plaintiff with any medical care. Motion [60] at 1-3.

In response to plaintiff's motion, defendants maintain that the Court should deny plaintiff's motion for injunctive relief because: (1) as set forth in defendants' contemporaneously filed motion for summary judgment, plaintiff cannot demonstrate that his claims are likely to succeed on the merits; (2) given the fact ODOC has and continues to provide plaintiff with treatment for his various medical issues, he cannot demonstrate a liklihood of irreparable harm; and (3) plaintiff cannot demonstrate that his requests for relief, such as his request to require and exclude treatment from certain physicians, are not narrowly drawn or the least intrusive means necessary to obtain relief. Response [64] at 3-4.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1]  Under the "traditional" standard, preliminary relief may be granted if the

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal.</u>, 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

The Court's review of the record reveals plaintiff has received extensive treatment, including several surgeries, for his ongoing and various medical issues while in prison. Moreover, plaintiff "has continued to seek medical treatment on a regular basis from TRCI health services for his ongoing medical complaints." Affidavit of Steven Shelton, M.D. [67] at 16. Accordingly, the Court finds plaintiff has failed to demonstrate a

3 - ORDER

likelihood of success on the merits of his claims such that injunctive relief is warranted at this time. <u>Winter v. Natural Res. Def. Council, Inc</u>, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

Plaintiff is also advised that ordinarily a preliminary injunction maintains the status quo pending a final decision on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). Here, plaintiff is asking the Court to alter the status quo by, among other things, issuing an Order directing the Oregon Department of Corrections to send him to a particular specialist, bar certain medical staff from treating him, allow him to store all of his legal materials in his cell, and impose tier and bunk restrictions. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. See <u>LGS Architects, Inc. V. Concordia Homes of Nevada</u>, 434 F.3d 1150, 1158 (9th Cir. 2006); <u>Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.</u>, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

II. **Motion [61] (Second Attempt) (titled by filer "Motion for an answer from the Court explaining it[s] denial of the Motion to proceed to trial (42)")**

Plaintiff moves the Court for an explanation set out in a "[l]egal brief, order, [m]emorandum, or letter" of its reasons for denying his motion to proceed to trial as premature. This Motion

4 - ORDER

is denied. For guidance as to the current procedural posture of his case, the Court refers plaintiff to the recently issued Summary Judgment Advice Notice and Scheduling Order [68].

### III. Motion to Waive Fees (Second Attempt) [62]

Plaintiff moves the Court for an Order waiving the collection of all fees from his prison trust account until the conclusion of these proceedings, including all appeals. This Motion is denied on the basis it is without merit. See 28 U.S.C. § 1915(b)(2).

### CONCLUSION

Based on the foregoing, plaintiff's Motion for Temporary Restraining Order [60], Motion for an Answer [61] and Motion to Waive Fees [62] are DENIED. In addition, plaintiff's Motion [59] asking the Clerk of the Court to docket his other motions and Motions [48], [49], [50] & [63] are all DENIED as moot.

IT IS SO ORDERED.

DATED this 14 day of August, 2012.

_____
Marco A. Hernandez
United States District Judge

5 - ORDER