IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DALE ALEXANDER,

                Plaintiff,                6:11-cv-06215-PK

v.                                                  OPINION AND ORDER

MAX WILLIAMS et al.,

                Defendants.

PAPAK, Magistrate Judge:

      Incarcerated plaintiff Robert Dale Alexander brought this *pro se* action against twenty-eight defendants, who are doctors, nurses, and administrators for the Oregon Department of Corrections, alleging that defendants are liable under 42 U.S.C. § 1983 for violating his rights arising under the Eighth Amendment to the United States Constitution. Now before the court is plaintiff's motion for reconsideration of the court's November 25, 2013 opinion and order (#113).

Page 1 - OPINION AND ORDER

## BACKGROUND

On June 22, 2011, plaintiff filed the complaint, alleging that defendants were deliberately indifferent to his serious medical needs and were negligent in their provision of medical care. On July 31, 2012, defendants filed a motion for summary judgment (#65), arguing, among other things, that the Eleventh Amendment to the United States Constitution barred plaintiff's negligence claim, that a portion of plaintiff's claims were time-barred, that plaintiff failed to generate a genuine issue of material fact as to whether defendants were deliberately indifferent to his medical needs, and that defendants were entitled to qualified immunity. On November 25, 2013, the court granted defendants' motion for summary judgment. *See* November 25, 2013 Opinion and Order, #110, at 56. That same date, the court entered judgment (#111), dismissing plaintiff's complaint with prejudice.

On December 17, 2013, plaintiff simultaneously filed the instant motion for reconsideration and a notice of appeal (#115).[1] On January 10, 2014, defendants filed a resistance to the motion for reconsideration (#119).

## LEGAL STANDARD

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), the district court may alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in

---

[1] Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), this court retains jurisdiction of the action until it disposes of plaintiff's motion for reconsideration.

controlling law. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Rule 60(b) allows a district court to provide relief from a final judgment if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Id.*; Fed. R. Civ. P. 60(b).

## DISCUSSION

Plaintiff requests that the court reconsider its November 25, 2013 opinion and order on the grounds that "[t]here are multiple material facts in dispute in this case that went unaddressed by the Magistrate Judge," that the court did not take into account his *pro se* status, and that the court did not view the evidence in the light most favorable to plaintiff. Declaration of Robert Alexander in Support of Motion to Reconsider, #114, at 2. In response, defendants argue that reconsideration is not appropriate because plaintiff merely "reiterates arguments already rejected by this Court and argues, in a conclusory manner, that there are factual issues in this case that should have precluded summary judgment." Defendants' Resistance to Motion for Reconsideration, #119, at 2.

For the reasons set forth in defendants' resistance, I find that reconsideration of the November 25, 2013 opinion and order is not warranted. Contrary to plaintiff's arguments, I applied the correct legal standard in determining that there were no genuine issues of material

Page 3 - OPINION AND ORDER

fact precluding summary judgment—that is, I viewed the evidence in the light most favorable to plaintiff and I considered plaintiff's *pro se* status. Although plaintiff contends that I did not address certain disputed material facts, plaintiff does not identify any material fact that I failed to address. Accordingly, I find that plaintiff has failed to demonstrate that reconsideration is appropriate under Rule 59(e) or Rule 60(b).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration of the court's November 25, 2013 opinion and order (#113) is denied. Plaintiff's motion for appointment of counsel to represent him on appeal (#116) is also denied. If plaintiff wishes to seek the appointment of counsel to represent him on appeal, he may direct such request to the Ninth Circuit Court of Appeals.

Dated this 14th day of January, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 4 - OPINION AND ORDER